STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIAM H. CROLAND, DEFENDANT-RESPONDENT.

Argued May 23, 1961—Decided June 6, 1961.

164

*Mr. Brendan T. Byrne,* Essex County Prosecutor, argued the cause for appellant (*Mr. Sanford M. Jaffe,* Special Legal Assistant Prosecutor, of counsel).

*Mr. Walter D. Van Riper* argued the cause for respondent (*Messrs. Van Riper and Belmont,* attorneys).

The opinion of the court was delivered

PER CURIAM.  William H. Croland and Marvin Zalk were convicted of violation of *N. J. S.* 2*A*:102–3, which makes it a misdemeanor for any director or officer of a corporation to fraudulently take, misapply or misuse any of its money or property.  Croland was an officer of the corporation involved; Zalk was not, but was prosecuted as an aider and abetter of Croland.  The charge arose out of the payment of "kickbacks" in connection with the writing by the corporation of group insurance for union welfare funds.

Croland did not appeal. Zalk did. Upon Zalk's appeal, the Appellate Division concluded the evidence did not show "the necessary elements of damage or prejudice to the assertedly defrauded corporation and fraudulent intent on the part of Croland toward that corporation." *State v. Croland,* 54 *N. J. Super.* 594, 602 (*App. Div.* 1959). So finding, the Appellate Division held Zalk could not be guilty as an aider and abetter and directed "entry of a judgment of acquittal in favor of the defendant Zalk, who is the sole appellant before us." (54 *N. J. Super.,* at *p.* 607)

We granted the State's petition for certification. Croland, conceiving that he could benefit from the opinion of the Appellate Division even though he had not appealed, sought to sustain the reversal as to Zalk. Croland's attorney submitted a brief *amicus curiae* and we permitted him to speak at the argument. We affirmed the judgment of the Appellate Division but upon a distinctly different ground, to wit, that there was no evidence that Zalk knew that Croland acted without corporate authority. *State v. Croland,* 31 *N. J.* 380 (1960). We added (31 *N. J.,* at *p.* 384):

"* * * Croland did not appeal from the verdict of his guilt and the time for taking such action has long since expired. After conference with counsel, he decided to accept the judgment and to be bound by it. On the thesis we have expounded, it was not necessary for the Appellate Division to consider the problem of whether the proof adduced at the trial was sufficient to support a finding of violation by him of the statute on which the indictment was predicated. Accordingly, we express no opinion on that subject."

At the argument of Zalk's appeal, counsel for Croland stated his client had not appealed because he feared a jail sentence in the event of an affirmance. The precise connection between the two subjects is not fully apparent, but at any rate he had not appealed, had pled guilty to the other indictments, and had received a suspended sentence on the conviction. Apparently no judgments were entered upon the pleas to the other indictments.

Following our action upon Zalk's appeal, Croland moved before the trial court to vacate the conviction and for the entry of a judgment of acquittal, relying upon "the judgment of the Appellate Division" in Zalk's case. The trial court denied the motion but permitted Croland to withdraw his pleas of guilty to the remaining indictments. Croland appealed. The Appellate Division agreed that its prior opinion did not warrant an acquittal in the light of our action upon the Zalk appeal, but nonetheless held that justice required the trial court to weigh the question whether relief should be granted in the light of the Appellate Division's prior expression. 63 *N. J. Super.* 143 (1960). We granted certification. 33 *N. J.* 600 (1960).

We think the action of the trial court must be affirmed. The time for appeal expired long ago, as also did the time for a motion for a new trial upon the ground of trial error. The equity upon which the trial court was asked to revisit the scene is an expression by the Appellate Division upon the Zalk appeal which we explicitly declined to approve. We so declined because we entertained grave doubts with respect to its view of the statute and the evidence.

For example, the Appellate Division found there was no injury to the corporation because it concluded that Croland's associate in the company would have approved payments to any licensed broker named by the union of commissions in amounts equal to the "kickbacks." On that basis the Appellate Division found that the payments to Zalk did not injure the corporate exchequer. We, however, were not prepared to say that the illegal character of the payments was of no moment merely because commissions might have been paid lawfully to others. Illegality could jeopardize the license to continue the corporate business and conceivably involve the company in civil and criminal proceedings with resulting dollar loss. Moreover corporations have business reputations, and hence violations of the law are not rendered innocuous by a present profit. Nor were we prepared to say that a fraudulent intent could not be found because an officer holds

a private view that the corporation will gain by an illegal use of its moneys.

We mention these matters, not to decide now what we found it unnecessary to decide upon the Zalk appeal, but rather to emphasize that when we withheld approval of the thesis of the Appellate Division, we deliberately removed its views from the case. We affirmed its judgment, and not its reasoning.

In effect Croland here attempts to prosecute again the appeal Zalk took, in the hope that if we should decide the issue we had declined to decide, the answer would be favorable to him. He is not entitled to a belated review of the sufficiency of the evidence by such indirection.

The trial court properly held the views of the Appellate Division had been devitalized by our earlier opinion. We accordingly need not consider the broader question whether, if the first opinion of the Appellate Division had been approved, Croland could have claimed the benefit of it.

The judgment of the Appellate Division is reversed and the order of the trial court is affirmed.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For affirmance*—None.